UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. |
| | ) | 5:24-cr-00033-DCR-MAS |
| v. | ) | and |
| | ) | Civil Action No. |
| GENE PRIMUS, | ) | 5:26-cv-006-DCR-MAS |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |

REPORT & RECOMMENDATION

This matter is before the undersigned on Petitioner Gene Primus's ("Primus") Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255. Primus asserts several grounds for relief, all of which are claims for ineffective assistance of counsel.  [DE 130].  The United States responded contesting each ground.  [DE 139].  Primus replied in further support of his petition.  [DE 140]. Considering the arguments of the parties as well as the record before it, the Court recommends Primus's motion be denied for the reasons stated below.

I.    RELEVANT FACTUAL BACKGROUND

Through a Criminal Complaint, an Indictment and an eventual Superseding Indictment, Primus was charged with conspiracy to distribute 50 grams or more of actual methamphetamine, 40 grams or more of fentanyl, and a mixture of heroin. [DE 1, 11, 39].

1

On July 26, 2024, Primus pleaded guilty per a plea agreement with the United States.  [DE 55].  The plea agreement captures the relevant conduct.

> On March 12, 2024, the Lexington Polic Department (LPD) used a cooperating source to conduct a controlled buy of fentanyl from Fred Hardin, aka Money Man.  The LPD then began conducting surveillance of Hardin at a residence on Pleasant Ridge Drive, Lexington, Kentucky, in the Eastern District of Kentucky.  Officers observed [Primus] and Hardin watching for something from the front door of the home together.  A grey Nissan Rogue then parked on the street near the residence, and no one exited the vehicle.  Hardin left the residence, looked around, and went back inside.  [Primus] then exited the residence carrying a Home Depot bucket and a gold gift bag, approached the Nissan Rogue, and place the items in the rear compartment.  Hardin remained in the doorway, overlooking the area.

> The Nissan Rogue then departed the area, and constant physical surveillance by police was maintained over the vehicle.  A traffic stop revealed approximately 3319.9 grams of methamphetamine (2987.9 grams of methamphetamine (actual)), a Schedule II controlled substance, in the Home Depot bucket that [Primus] had placed in the trunk of the vehicle.  [Primus] and Hardin left the residence together, and, during a traffic stop, large amounts of cash were discovered.  [Primus] had police buy money on him that had previously been given to Hardin during the controlled buy.

[DE 53, Page ID# 153].  A search of the residence revealed substantially more methamphetamine, heroin, drug paraphernalia, and a firearm.  [DE 53, Page ID# 153].  A search of Primus's vehicle revealed more methamphetamine, more fentanyl, and cocaine base.  [DE 53, Page ID# 153-54].

Following his guilty plea, the Court sentenced Primus to 400 months of imprisonment followed by 5 years of supervised release.  [DE 100].

Primus initially appealed the decision of the Court [DE 102], but then he moved to voluntarily dismiss his appeal [DE 126].  He then timely filed this habeas petition.  [DE 130].

2

## II.    ANALYSIS

Primus has asserted several different grounds for ineffective assistance of counsel.  Generally, Primus attacks his trial counsel's advice both at his guilty plea phase and his sentencing phase.  The Court will address each of these arguments.

### A.    STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Under § 2255, a federal prisoner may obtain relief if his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence exceeds the maximum authorized by law.  28 U.S.C. § 2255(a); *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003) ("In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)). A constitutional basis for § 2255 relief requires "an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).  Any non-constitutional error must constitute a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990).  A § 2255 movant typically must prove any factual assertions by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (*per curiam*).

One class of alleged constitutional error is ineffective assistance of counsel in violation of the Sixth Amendment.  The standard outlined in *Strickland v. Washington*, 466 U.S. 668 (1984), governs ineffective assistance of counsel claims.  To prevail, a movant must prove (1) that defense counsel's performance was deficient, and (2) that the demonstrated deficiency prejudiced the movant.  *Id.* at 687.  To establish deficient performance, a movant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88.  "Judicial scrutiny of counsel's performance must be highly deferential", and the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  A prejudice showing requires a "reasonable probability that, but for counsel's errors, the judicial outcome would have been different." *Id.* at 694–95.  The Court "must consider the totality of the evidence" in assessing prejudice.  *Id.* at 695.  To satisfy the prejudice prong "[i]n a guilty plea context 'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).  The movant must satisfy both prongs of the *Strickland* analysis, but courts need "not address both components of the deficient performance and prejudice inquiry 'if the defendant makes an insufficient showing on one.'" *Id.* at 730; *Strickland*, 466 U.S. at 697.

**B.**     **GROUND 1: KNOWING AND VOLUNTARY PLEA**

Primus's first ground is that his trial counsel at that stage, Cullen C. Gault, did not properly prepare him for his guilty plea.  In other words, Primus alleges his

plea was not knowing and voluntary.  [DE 130, Page ID# 592-93 ("The court must be assured that Primus had understood his plea.  This was not the case.")].

"In order for a guilty plea to be constitutional it must be knowing, intelligent, voluntary, and made with sufficient awareness of the relevant circumstances and likely consequences." *Byars v. Gidley*, No. 16-2485, 2017 WL 4956919, at *2 (6th Cir. July 3, 2017) (citing *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005)).  "Courts evaluate the voluntariness of a guilty plea in light of all relevant circumstances surrounding the plea."  *Id*.  Critically, "[s]olemn declarations in open court carry a strong presumption of verity."  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  "[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."  *Id*. at 73-74.

The transcript of the rearraignment demonstrates that Primus was aware of the charges, his right to a trial by jury, the maximum possible punishment, and the facts and circumstances surrounding his charge.  Per Rule 11, the Court reviewed several pieces of information with Primus:

- Confirmed Primus had reviewed the superseding indictment with counsel [DE 68, Page ID# 203];

- Confirmed his understanding of the charges and discussed the charges with Gault [DE 68, Page ID# 203];

- Confirmed that he had consulted about the plea agreement with counsel [DE 68, Page ID# 203-04];

5

- Confirmed he accepted and admitted the factual colloquy in the plea agreement [DE 68, Page ID# 226]; and

- Confirmed he knowingly and voluntarily entered into the plea agreement and pleaded guilty [DE 68, Page ID# 227-29].

The record demonstrates repeated confirmation by Primus that his plea was knowing and voluntary.

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. [. . .] As the Third Circuit has noted, [c]ourts naturally look with a jaundiced eye upon any defendant who seeks to withdraw a guilty plea after sentencing on the ground that he expected a lighter sentence." *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986) (quotation marks and citations omitted). The undersigned recommends the Court deny Primus's first ground suggesting this plea was not made knowingly and voluntarily.

## C.    GROUND 2: DRUG WEIGHT

Primus next complains that "[t]here was not good faith examination obtained by counsel" concerning the weight of narcotics attributed to Primus. [DE 130, Page ID# 594]. According to Primus, counsel should have challenged the weight and the purity of narcotics founds in the Nissan Rogue.

To be sure, counsel has a duty to make reasonable investigations into the allegations against a defendant. *Poole v. MacLaren*, 547 Fed. App'x 749, 755 (6th Cir. 2013) (citations omitted). However, "[a] defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would

6

have revealed and how it would have altered the outcome." *United States v. Hassan*, Nos. 12-cr-20523, 2014 WL 5361942, at \*5 (E.D. Mich. Oct. 21, 2014) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)).

There were three different sources of narcotics that constituted the weight of drugs attributed to Primus. First, the United States found narcotics in the residence where Primus was living. The drugs found in the residence alone would have supported the conclusion that the offense involved more than 4.5 kilograms of actual methamphetamine. Second, the United States found narcotics in Primus's Chevrolet Tahoe, over a kilogram of actual methamphetamine. Primus does **not** challenge either of these sources.

Rather, Primus faults counsel for his failure to challenge the narcotics found with the third source – the Nissan Rogue with the Home Depot bucket filled with methamphetamine. [DE 130, Page ID# 594 ("The meritorious *Terry* stop exclusion would have reduce the weight that Primus was responsible for, the weight of the narcotics in the Nissan Rogue had a direct effect on Primus.")]. However, Primus did not own that vehicle. *See United States v. McCalebb-Pippens*, No. 3:09-cr-64, 2010 WL 2927412 (E.D. Tenn. May 24, 2010) (providing several citations to different decisions holding that a non-driver or non-owner of a vehicle does not have standing to suppress evidence found in that vehicle). Trial counsel does not provide deficient performance by failing to make a losing argument. *United States v. Martin*, 45 Fed. App'x. 378, 381 (6th Cir. 2002) (discussing that one's counsel cannot provide deficient performance by failing to raise wholly meritless claims) (citing *Strickland*, *supra* at

7

688)).  And even if counsel was at fault for failing to challenge that weight, the remaining drug weights from the residence and Tahoe would have supported the weights attributed to Primus.

Consequently, the Court recommends denial of Primus's second ground.

**D.    GROUND 3: CAREER OFFENDER ENHANCEMENT AND CLASSIFICATION**

Turning to arguments concerning his sentencing, Primus initially attacks his counsel's failure to contest three different aspects of his classification as a career offender.  [DE 130, Page ID# 594].

As part of his sentencing, Primus's sentence was enhanced as a career offender under § 4B1.1(a).  That provision applies an enhancement if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  The Presentencing Investigation Report detailed and concluded that Primus qualifies.  [DE 103, Page ID# 359-360].

First, per Primus, counsel failed to point out the obvious that Primus served less than a year on the qualifying convictions.  [DE 130, Page ID# 594].  As the best the Court can determine, Primus misunderstands the applicable United States Sentencing Guidelines.  Namely, § 4B1.1(a) does not concern itself with how much time Primus actually served.  Rather, the issue is simply whether the qualifying convictions were felony offenses that could have resulted in a sentence that was greater than a year.  The prior criminal convictions against Primus for drug

8

trafficking clearly qualify.  Again, Primus's trial counsel is not ineffective for failing to make plainly meritless arguments.  *Martin*, 45 Fed. App'x. at 381.

Second, Primus challenges his career offender enhancement because the qualifying prior convictions were part of a concurrent sentence.  [DE 130, Page ID# 599].  The Court is unaware of any provision of the United States Sentencing Guidelines or case law interpreting those guidelines that would support this argument.  Primus does not cite to any authority.  The prior felony trafficking convictions were in two separate cases, one dating from 2016 and the other from 2019, with two separate dates of conviction.  [DE 103, Page ID# 345, 347, 359-40].  Although the sentences for two separate offenses were served concurrently, the convictions squarely fit the definition of separate convictions under § 4B1.2(c).  Counsel did not fail by not raising an argument that had no chance of success.

Third, Primus argues that his two qualifying convictions, both trafficking convictions, do not meet the definition of a controlled substance offenses.  [DE 130, Page ID# 599].  As the Court explained at sentencing [DE 119, Page ID# 517-18], the Sixth Circuit has repeatedly and plainly rejected identical arguments that the Ohio statutes criminalizing trafficking do not qualify as felony, controlled substance offenses.  *See, e.g., United States v. Loines*, 165 F.4th 475, 489 (6th Cir. 2026) (citing cases).

Thus, the undersigned recommends that the Court deny this ground as well.

**E.    GROUND 4: HARDIN'S LEADERSHIP**

Primus next argues that counsel failed to "explore" the history of narcotic trafficking of Primus's co-defendant, Fred Hardin, as well as his leadership role. [DE 130, Page ID# 594].

To be blunt, the Court is unsure how the leadership conduct of Hardin, if any, plays any part in the sentencing of Primus. Primus writes: "The main offender in this case is Primus. The main operator is Hardin." [DE 130, Page ID# 598]. Again, the Court is unsure what to make of this statement or distinction between "main offender" and "main operator." In the end, regardless of whether Hardin received a leadership enhancement, that enhancement plays no impact on Primus's sentence. The sentence for Primus is based upon his conduct and his conduct alone, not the conduct of his co-defendant.

The Court should deny Primus's requested relief as set forth in this fourth ground.

**F.    GROUND 5: YOUTHFUL OFFENDER**

The 2024 Youthful Individuals Amendment, effective November 1, 2024, authorizes federal courts to consider a defendant's age (under 26) as a mitigating factor for a downward departure in sentencing, reflecting brain development science. U.S.S.G. § 5H1.1. This Court has previously explained this provision. "The amended policy statement regarding age pertains to the role that age may play in determining whether a sentencing departure is warranted. Section 5H1.1 was amended, effective November 1, 2024, to include a section on youthful offenders, noting '[c]ertain risk factors may affect a youthful individual's development into the mid-20's and

contribute to involvement in criminal justice system.'" *United States v. Sparks*, No. 5:18-cv-69-DCR, 2025 WL 3252397, at *2 (E.D. Ky. Nov. 17, 2025). Thus, a downward departure "**may** be warranted due to the defendant's youthfulness at the time of the offense or prior offenses." U.S.S.G. § 5H1.1 (emphasis added).

Primus argues Gault failed to investigate Primus's drug use in his youth because "[t]he PSR contains little information about the usage of narcotics, and Gault did not provide any." [DE 130 at Page ID# 595]. Per the PSIR, Primus's only drug use before the age of 26 was occasional use of marijuana. [DE 103, Page ID# 352]. As already mentioned, "[a] defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome." *United States v. Hassan*, Nos. 12-cr-20523, 2014 WL 5361942, at *5 (E.D. Mich. Oct. 21, 2014) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)). As the Sixth Circuit explained, "[o]ur circuit's precedent has distinguished between counsel's complete failure to conduct a mitigation investigation, where we are likely to find deficient performance, and counsel's failure to conduct an adequate investigation, where the presumption of reasonable performance is more difficult to overcome." *Beuke v. Houk*, 537 F.3d 618, 643 (6th Cir. 2008) (citing *Campbell v. Coyle*, 260 F.3d 531, 552 (6th Cir. 2001)). There is no evidence to support that Primus had a substance use disorder such at it might trigger the mitigating factor in § 5H1.1. "[T]he duty to investigate does not force defense lawyers to scour the globe on the off chance something will turn up[.]" *Poole v. MacLaren*, 547 Fed. App'x 749, 755 (6th Cir. 2013) (citations omitted). In

fact, for all the Court knows, Gault did review this issue and determined it lacked merit. Primus does not explain what information Gault could have or should have discovered about his youthful use of narcotics or how it would have altered the outcome, especially considering Gault did not represent Primus at sentencing.

Primus further contends that his counsel at the time of sentencing, Abe Mashni[1], "failed to explore the Youthful Offender Amendment." [DE 130, Page ID# 594-95]. He complains that his counsel "chose not to apply the Amendment" at sentencing, which was a mitigating factor that should have been presented. [DE 140 at Page ID# 656]. *See, e.g.*, *William v. Taylor*, 529 U.S. 362, (2000) (discussing that failure to provide mitigating evidence at sentencing suggests a failure of the duty to investigate under *Strickland*). On this point, Primus provides little detail. Mashni presented several mitigation arguments and requested a downward departure at sentencing. Specifically, Mashni contended Primus's prior drug use justified leniency, though he did not specifically mention Primus's age or duration of the drug use. The sentencing Court rejected that argument. [DE 119 at Page ID# 530-31].

Primus is correct that Mashni did not raise the Youthful Offender Amendment at sentencing as a mitigating circumstance warranting a downward departure. One of Primus's predicate offenses for the career offender designation occurred when Primus was 24 years old. However, the other predicate offense occurred when Primus was 26 years old (too old for the Youthful Offender Amendment to apply) and the

---

[1] Primus incorrectly refers to Gault throughout, but Mashni entered his appearance approximately two months before sentencing and represented Primus at sentencing.

instant offense of conviction occurred when Primus was 32 years old, far from youthful. U.S.S.G. § 5H1.1 clearly makes the youthful offender downward departure discretionary. Attorneys often choose the arguments they believe will be most successful in a particular circumstance, even if other arguments could apply. "Strategic decisions of defense counsel are 'virtually unchallengeable.'" *Leonard v. Warden, Ohio State Penitentiary*, 846 F.3d 832, 849 (6th Cir. 2017) (quoting *Buell v. Mitchell*, 274 F.3d 337, 359 (6th Cir. 2001)). With Primus's age of 32, with prior drug trafficking convictions at age 26 and 24, Mashni may have believed that arguing "youthfulness" as a mitigating factor was not likely to be met with success and therefore chose to focus on arguments more likely to win the day. *See, e.g.*, *Sparks* at *2 ("And while Sparks did commit several offenses before reaching his mid-twenties, he was not a youthful offender (age 29) at the time he committed the offenses resulting in his conviction here.") (authored by the district judge in this case).

For these reasons, the Court should deny Primus' requested relief on this ground.

## G.    GROUND 6: HARDIN'S FALSE STATEMENTS

In his final ground, Primus complains that co-defendant Hardin made several false statements to law enforcement as part of his cooperation agreement. [DE 130, Page ID# 595]. "Hardin had co-operated with law enforcement and the Government. There are numerous accounts of the falacity [sic] of those statements." [DE 130, Page ID# 595].

However, Primus provides no specific examples or details beyond those vague allegations. The Court has no way to identify those false statements, the impact of

13

those false statements, and what, if any, Primus's counsel could have done to combat those false statements. To reach the *Strickland* analysis, Primus must present more than conclusory statements. *See Lovejoy v. United States*, No. 95-3968, 1996 WL 331050, at *3 (6th Cir. June 13, 1996) (acknowledging that conclusory statements are insufficient to warrant habeas relief). *See also Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000) (holding that a "conclusory statement" without more is "wholly insufficient to raise the issue of ineffective assistance of counsel"). Thus, because Primus has not provided any detail to support his claims, those claims should be dismissed. *See Short v. United States*, 504 F.3d 63, 65 (6th Cir. 1974) (affirming denial of a § 2255 motion because petitioner's claims "were stated in the form of conclusions without any allegations of facts in support thereof, as well as being unsupported by proof or reference to such proof.").

### III.    CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") shall issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473,484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

14

As detailed above, Primus asserts six grounds for habeas relief, all based on claims for ineffective assistance of counsel. His first ground challenges the voluntariness of his guilty plea. However, Primus' statements under oath during his guilty plea contradict such an allegation. For his second ground, Primus contends that his counsel failed to challenge the drug weight for the drugs found in a vehicle. Not only does Primus fail to explain how his counsel should challenge the weight, but his analysis ignores the other drugs that would alone satisfy the government's claims and sentence in this case. Third, Primus argues career offender enhancement should not apply for a few reasons. The arguments, however, fall flat in the face of the plain language of the sentencing guidelines and Sixth Circuit precedent. Next, Primus goes after Hardin's leadership role, but the Court fails to understand the relevance of Hardin's leadership role as it impacts Primus' sentence in this case. Primus' fifth ground complains that his counsel failed to argue the mitigating circumstances of his youthful use of narcotics under the United States Sentencing Guidelines. However, there is no evidence to suggest that there are any facts that would have supported that argument or that counsel did not investigate that issue. And finally, Primus protests what he believes are various false statements made by Hardin to law enforcement. Yet, Primus never identifies those statements or how those statements impacted his case.

Accordingly, it is **RECOMMENDED** that a certificate of appealability be **DENIED** upon the District Court's entry of its final order in this matter.

## IV.   <u>CONCLUSION</u>

For the reasons stated herein, the Court **RECOMMENDS**:

15

1)      The District Court **DENY**, with prejudice, Primus's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 [DE 130; and

2)      The District Court **DENY** a certificate of appealability as to all issues, should movant request a COA.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute.  See also Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b).  Within fourteen days (14) after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and usually does, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See United States v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn,* 106 S. Ct. 466 (1985).

Entered this the 25th day of March, 2025.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY