UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 5: 24-033-DCR |
| Plaintiff/Respondent, | ) | and |
| | ) | Civil Action No. 5: 26-006-DCR |
| V. | ) | |
| | ) | |
| GENE PRIMUS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant/Movant Gene Primus pleaded guilty pursuant to a written plea agreement with the United States to conspiring to distribute 50 grams or more of actual methamphetamine, 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, and a mixture or substance containing a detectable amount of heroin, all in violation of 21 U.S.C. § 846.  [Record No. 55; *see* Record No. 39.]  He was later sentenced to 400 months' imprisonment to be followed by five years of supervised release.  [Record No. 100]

Although Primus initially appealed the decision of the Court, he later moved to voluntarily dismiss his appeal.  [Record Nos. 102, 126] He then filed this *pro se* motion challenging his sentence pursuant to 28 U.S.C. § 2255.  [Record No. 130] The United States responded, objecting to Primus's requested relief.  [Record No. 139] Primus filed a reply. [Record No. 140]

Consistent with local practice, Primus's § 2255 petition was referred to a United States Magistrate Judge for review and issuance of a Report and Recommendation ("R&R") pursuant

to 28 U.S.C. § 636(b)(1)(B).  Thereafter, United States Magistrate Judge Matthew A. Stinnett recommended that Primus's motion for habeas relief be denied and that no Certificate of Appealability be issued.  [Record No. 141] Neither party filed timely objections to the R&R.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objections are made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Nevertheless, the undersigned has examined the record *de novo* and agrees with the Magistrate Judge's recommended disposition.

Primus asserts in his petition that his trial counsel was ineffective at both the guilty plea phase and sentencing phase.  [Record No. 130][1]  More specifically, he claims that his trial counsel was ineffective by: (1) failing to properly prepare him for his guilty plea, rendering it unknowing and involuntary; (2) failing to conduct a good-faith examination of the drug weight attributed to him; (3) failing to challenge his classification as a career offender; (4) failing to investigate his co-defendant's history of narcotics trafficking and alleged leadership role; (5) failing to investigate his drug use and consider the Youthful Offender Amendment; and (6) failing to address various false statements his co-defendant allegedly made to law enforcement. [*Id.*]

---

[1]    Primus refers to Cullen C. Gault as his counsel throughout his motion; however, Abraham Isa Mashni entered his appearance approximately four months before sentencing and represented Primus during the sentencing phase of the case.  [*See* Record Nos. 63, 99.]

To succeed on these claims, *Strickland* requires that Primus show deficient performance by counsel *and* that such "performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance." *Id*. at 689. Therefore, Primus must demonstrate that his counsel "made errors so serious that [counsel was] not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. Regarding prejudice, he must show that absent counsel's errors, the outcome of his proceedings would have been different. *Id*. at 694–95.

### Knowing and Voluntary Plea

A guilty plea is valid if it is "knowing, intelligent, voluntary, and made with sufficient awareness of the relevant circumstances and likely consequences." *Byars v. Gidley*, No. 16-2485, 2017 WL 4956919, at *2 (6th Cir. July 3, 2017) (citing *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005)). "Courts evaluate the voluntariness of a guilty plea in light of all relevant circumstances surrounding the plea." *Id.* (citing *Brady v. United States,* 397 U.S. 742, 755, 794 (1970). Importantly, there is a strong presumption of verity concerning a defendant's plea colloquy. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Here, Primus claims that his trial counsel, Cullen C. Gault, failed to adequately prepare him for his guilty plea and argues that the plea was not knowing and voluntary. [Record No. 130 at 5–6] But the record does not support this claim. As Magistrate Judge Stinnett correctly explains, the plea colloquy demonstrates that Primus entered his plea voluntarily and intelligently. *See Brady v. United States*, 397 U.S. 742 (1970).

Primus acknowledged that he understood the nature of the charges and the consequences of his plea during the colloquy. [Record No. 68 at 8–13] He indicated that no

- 3 -

one threatened or forced him into signing the plea agreement or pleading guilty. [*Id.* at 13] And he confirmed that he had reviewed the superseding indictment with his counsel [*Id.* at 6], discussed the charges with counsel and understood them [*Id.*], and consulted with counsel about the plea agreement and its terms [*Id.* at 6–7]. With the exception of ¶ 3(d), he agreed with the facts set forth in ¶ 3 of the plea agreement. [*Id.* at 29] Primus then entered a guilty plea. [*Id.* at 30–32]

"Absent extraordinary circumstances, a defendant is bound by his statements during a plea colloquy when the district court has scrupulously followed the procedures for taking the defendant's guilty plea." *Ewing v. United States*, 651 F. App'x 405, 409 (6th Cir. 2016409 (citing *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). The Court agrees with Magistrate Judge Stinnett that Primus entered his plea knowingly and voluntarily, as confirmed by the Court's questions and Primus's responses during the re-arraignment hearing.

### Drug Weight

Primus also argues that his attorney failed to conduct a "good faith examination" of the drug weight attributed to him and should have challenged both the weight and the purity of the narcotics found in the Nissan Rogue. [Record No. 130 at 7] Three sources contributed to the drug weight attributed to Primus: (1) narcotics found in a residence, (2) narcotics found in a Chevrolet Tahoe, and (3) narcotics found in a Nissan Rogue. [Record No. 53 at 2–3] Primus does not dispute the first two source and challenges only counsel's failure to contest the third. [Record No. 130 at 7] He contends that a successful *Terry* stop challenge would have reduced the drug weight for which he was responsible. [*Id.*]

As the Magistrate Judge explains, however, Primus lacked standing to seek suppression of evidence found in the Nissan Rogue because he did not own the vehicle. *Rakas v. Illinois*,

439 U.S. 128, 148 (1978) (defendants had no legitimate expectation of privacy in the glove compartment or area beneath the seats in a car in which they were merely passengers); *see also United States v. Torres–Ramos*, 536 F.3d 542, 549 (6th Cir.2008) (passengers lacked standing to challenge the search of the van in which they were riding). His counsel was not ineffective for failing to raise an issue lacking merit. *Davis v. United States*, No. 21-5967, 2022 WL 14177205, at *3 (6th Cir. June 17, 2022) ("[C]ounsel cannot be ineffective for a failure to raise an issue that lacks merit.") (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

In any event, the narcotics found in the residence independently supported a finding that that the offense involved more than 4.5 kilograms of actual methamphetamine, warranting a base offense level of 38. [Record No. 53 at ¶¶ 3(c), 5(c); *see also* PSR ¶ 14 (providing for 123,802 KG of converted drug weight from the methamphetamine in the residence alone, enough by itself to qualify for a base offense level of 38).] Primus also admitted in his plea agreement that the offenses involved 4.5 kilograms or more of actual methamphetamine. [Record No. 53 at ¶ 5(c)] Therefore, even if the weight of the drugs in the Nissan Rogue were not attributed to Primus, his sentence would not have been impacted.

### Career Offender Enhancement and Classification

Primus argues that his counsel was ineffective for failing to challenge aspects of his career-offender classification. [Record No. 130 at 7, 11–12] Under U.S.S.G. §4B1.1(a), a defendant is a career offender if: (1) he was at least 18 years old at the time of the instant offense; (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Primus claims counsel should have noted that he served less than one year on the qualifying convictions. [*Id.*] He also asserts that he was never sentenced to a term longer than one year. [*Id.* at 12] These arguments fail, however. Section 4B1.1(a) does not consider time served; it asks only whether the prior convictions were felonies punishable by more than one year. Primus's prior drug-trafficking convictions met this standard. [PSR at ¶¶ 39, 42] As explained by the Court at sentencing, the two prior offenses, under the Ohio Revised Code, are punishable by a term of imprisonment of more than one year and, therefore, qualify under the guidelines as the two predicate offenses necessary for a career offender classification. [Record No. 119 at 3–4; PSR Addendum; PSR ¶¶ 39, 42] Again, counsel was not ineffective for declining to raise a meritless argument.

Primus further argues that his prior convictions should not count because he served the sentences concurrently. [Record No. 130 at 12] This contention also lacks merit. Concurrent service does not alter the fact that the convictions arose from separate cases—one from 2016 and another in 2019. [PSR at ¶¶ 39, 42] Again repeating: counsel was not ineffective failing to raise this baseless argument.

### Hardin's Alleged Leadership Role

Primus next argues that counsel was ineffective for failing to investigate his co-defendant, Fred Hardin's, history of narcotics trafficking and alleged leadership role. [Record No. 130 at 7] He claims Hardin's history of narcotics trafficking is far more extensive and Hardin acted as the "main operator." [*Id.* at 7, 11]

As the Magistrate Judge observed, Hardin's role has no bearing on Primus's sentence. But even if Hardin received a leadership enhancement, that determination would not affect

Primus's sentencing, which is based on his own conduct.  Accordingly, this argument lacks merit, and counsel was not ineffective for declining to raise it.

### Youthful Offender

The 2024 Youthful Individuals Amendment, effective November 1, 2024, permits federal courts to consider a defendant's age (under 26) as a mitigating factor supporting a downward departure in sentencing, consistent with brain development science.  U.S.S.G. § 5H1.1.  The amended policy statement clarifies that age may be relevant to whether a departure is warranted and recognizes that "[c]ertain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems."  Accordingly, a court *may* grant a downward departure based on a defendant's youth at the time of the offense or prior offenses.  U.S.S.G. § 5H1.1.

Primus argues that counsel was ineffective for failing to investigate his youthful drug use, noting that the PSR contains limited information and counsel did not supplement it. [Record No. 130 at 8] Although Counsel has a duty to conduct a "reasonable investigation," *Strickland*, 466 U.S. at 691, "a defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome."  *United States v. Pratt*, No. CR 7:15-010-DCR, 2019 WL 1040024, at *3 (E.D. Ky. Mar. 5, 2019) (citing *United States v. Hassan*, Nos. 12-cr-20523, 14-cv-11592, 2014 WL 5361942, at *5 (E.D. Mich. Oct. 21, 2014)).  Primus does not meet this burden.  The record indicates that his only pre-26 drug use was occasional marijuana use. [PSR at ¶ 65] Moreover, counsel argued that Primus's prior drug use support leniency, but the undersigned rejected the argument.  [Record No. 119 at 16–17]

Primus also asserts that counsel was ineffective for failing to invoke the Youthful Offender Amendment at sentencing. [*Id.* at 7–8] While counsel did not raise the amendment, Primus has not shown prejudice. One predicate offense occurred when he was 24, but the other occurred at age 26 and the instant offense occurred when he was 32. [PSR ¶¶ 39, 42] Section 5H1.1 makes the youthful offender downward departure discretionary, and nothing in the record suggests the Court would have granted one given Primus's age and criminal history. And "[s]trategic decisions of defense counsel are 'virtually unchallengeable.'" *Leonard v. Warden, Ohio State Penitentiary*, 846 F.3d 832, 849 (6th Cir. 2017) (quoting *Buell v. Mitchell*, 274 F.3d 337, 359 (6th Cir. 2001)). Thus, Primus's ineffective assistance of counsel claim fails.

### Hardin's Alleged False Statements

Finally, Primus asserts that his co-defendant made false statements to law enforcement as part of his cooperation agreement. [Record No. 130 at 8] But this claim is conclusory and unsupported. Primus identifies no specific statements, explains no resulting prejudice, and does not describe any action counsel could have taken to address them.

To prevail on an ineffective assistance of counsel claim, a movant must offer more than bare allegations. *See Lovejoy v. United States*, No. 95-3968, 1996 WL 331050, at *3 (6th Cir. June 13, 1996) (conclusory statements are insufficient to warrant habeas relief); *see also Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000) (a "conclusory statement" without more is "wholly insufficient to raise the issue of ineffective assistance of counsel"). Because Primus provides no factual support, his claim fails. *See Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (affirming denial of a § 2255 motion because petitioner's claims were "stated in the

form of conclusions without any allegations of facts in support thereof, as well as being unsupported by proof or reference to such proof.")

A Certificate of Appealability may issue only where a movant made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires that the movant demonstrate that "reasonable jurists would find that the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court agrees with United States Magistrate Judge Stinnett's conclusion that a Certificate of Appealability should be denied as Primus has not made a "substantial showing" regarding a denial of his constitutional rights. Further, reasonable jurists would not find this Court's determination on the issues Primus raises debatable.

Based on the foregoing, it is hereby **ORDERED** as follows:

1.   United States Magistrate Judge Matthew A. Stinnett's Report and Recommendation [Record No. 141] is **ADOPTED** in full and **INCORPORATED** here by reference.

2.   Defendant/Movant Primus's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Record No. 130] is **DENIED**.

3.   Defendant/Movant Primus's claims are **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

4.   A Certificate of Appealability will not issue.

Dated:  April 17, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky